IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:19CR30 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| DESHAUN A. JONES, | ) | <u>TRIAL BRIEF</u> |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, through its counsel, Justin E. Herdman, United States Attorney, and Christopher J. Joyce and Ranya Elzein, Assistant U.S. Attorneys, and hereby submits its Trial Brief regarding the upcoming jury trial on the Superseding Indictment.

**I.  Statement of Facts.**

On October 1, 2018, the Akron Police Department responded to a series of 911 emergency calls which reported that gunshots had been heard in the area of 823 Huber Avenue. The 911 calls also reported that a male was seen in the area of 823 Huber completely undressed and shouting in the street.

Upon arrival, several APD officers, with guns drawn, approached the undressed male, who was later identified as Deshaun A. Jones, ordered him to lie facedown on the sidewalk and placed him under arrest.  Once detained, Jones advised officers that he put a gun in the backyard of one of the nearby properties.  Jones vacillated between combative and cooperative while volunteering statements and answering questions.  Jones refused to tell officers the specific location of the gun, but instead insisted that he be allowed to get it for them.  Jones told officers on scene that he had taken the gun in question from two men who attacked him.  Jones insisted

that he fought them, took the gun from them, and fired the gun several times at them. Additionally, Jones told emergency medical services on scene that he had ingested marijuana, alcohol and ecstasy.

Officers both searched the area and interviewed as many of the surrounding neighbors as possible in an effort to locate the gun.  Eventually, officers agreed to allow Jones to lead them to the gun.  Jones led officers directly to the gun, which was located in the fenced backyard of 823 Huber Avenue.  In the immediate area of the gun's location, officers observed that a window into the residence of 823 Huber Avenue had a bullet hole in it.  Officers also discovered a shell casing in the area which was later confirmed to have matching breech face marks to the gun Jones admitted he fired.

Jones was transported to the hospital for evaluation and was medically cleared before he was brought to jail.  While in an examination room at the hospital, officers spoke with Jones again about the events of that night.  Jones again asserted that he was attacked.  He then told officers that he fired the gun in order to elicit help from his cousin who lived at 823 Huber Avenue.  Jones indicated he believed firing the gun would draw people out of the house to help him.

## II. Controlling Law.

The Superseding Indictment sets forth the controlling law and the government will submit proposed jury instructions that include case citations and legal authority.

## III. Anticipated Legal Issues.

### A. 911 Audio Recordings.

The United States anticipates playing four audio recordings of 911 calls from the night of October 1, 2018.  The recorded 911 calls that the United States will seek to play are from

eyewitnesses to the events that transpired at 823 Huber Avenue.  The United States intends to play these audio recordings without calling the persons who initiated the calls as witnesses.

As this Court is aware, the Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53–54, 124 S.Ct. 1354 (2004).  The United States Supreme Court held in *Davis v. Washington*, 547 U.S. 813, 822, 126 S. Ct. 2266, 2273, (2006), however that "statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency."  The Supreme Court in *Davis*, was specifically examining the statements that were made in the course of a 911 call.

Here, like *Davis*, the statements included in the recorded 911 phone calls were made in the course of police interrogation under circumstances which objectively indicate that the primary purpose of the interrogation was to enable police assistance to meet an ongoing emergency.  As in *Davis*, the statements included in the recorded 911 phone calls are properly considered nontestimonial and should be admissible.

### B.  Body-Worn Camera Video.

During the course of the investigation in this case, each officer from the Akron Police Department was outfitted with an audio and video recording device.  Approximately 30 minutes elapsed from the time officers arrived on scene and the firearm was secured in police custody.  During the 30 minutes, a large amount of video recordings were made.  During the investigation, a number of witness statements were taken and video recorded.  In an effort to prevent any

3

witness statements from being heard by the jury improperly, the United States is redacting portions of the videos to have audio removed.

Additionally, due to the defendant's state of undress, the United States is altering any portion of video it intends to play in which the defendant's genitalia are exposed to obscure the image.

The undersigned brings these items to the attention of defense counsel and the Court in order to give notice that the United States intends to present video evidence that has been altered.

### C. Conclusion.

The United States does not anticipate any additional significant legal issues to be in dispute during trial.

> Respectfully submitted,
>
> JUSTIN E. HERDMAN
> United States Attorney
>
> /s/  Christopher J. Joyce
>  Christopher J. Joyce  (OH: 0086576)
> Assistant United States Attorney
> 208 Seiberling Federal Courthouse
> Two South Main Street
> Akron, OH 44308
> (330) 761-0521
> (330) 375-5492
> Christopher.Joyce@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of

5

the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.

Parties may access this filing through the Court's system.

/s/ Christopher J. Joyce
Christopher J. Joyce
Assistant U.S. Attorney